RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 25 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL BLANSON (#086849) | DOCKET NO. 12-CV-749; SEC. P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Blanson filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and is currently incarcerated at Winn Correctional Center in Winnfield, Louisiana. He names as defendants James LeBlanc, Lyn Pigott, and Melissa Mjaseth. Plaintiff seeks release from confinement, monetary compensation, and criminal charges pursued against the person who incorrectly calculated his sentence following a parole violation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff was sentenced to 30 years, 15 years, and 20 years at hard labor, to run consecutively, for a total of 65 years. After serving the first two sentences, Plaintiff was released on parole. On May 2, 2006, he was arrested for a parole violation from a positive urinalysis. He went before the parole board on August 14, 2006, at which time his parole was revoked. Plaintiff's new

release date was calculated as June 6, 2015. However, he believes that his new release date should have been July 19, 2010. He seeks an immediate release from custody; monetary relief for pain, suffering, and mental anguish; and, for the person who miscalculated the sentence to be criminally prosecuted.

## Law and Analysis

### I. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983 or Bivens, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.§§ 1915 and 1915A.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are

clearly baseless. See Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## II. Release from Custody

Plaintiff seeks, in part, an immediate release from custody. Such relief is not available by way of a civil rights action under Section 1983. A *habeas corpus* petition filed pursuant to 28 U.S.C. §2254 is the proper procedure for a state prisoner challenging the fact or duration of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir.1994). The request for immediate release must be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

## III. Heck Barred

Plaintiff also seeks monetary damages for the time he has been "wrongfully" incarcerated. The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.

Thus, if a prisoner seeks damages for unconstitutional

imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). It is clear that Plaintiff's conviction or sentence has **not** been reversed, expunged, or declared invalid, as he is requesting such relief in this case. Thus, Plaintiff's claim for money damages is barred under Heck v. Humphrey.

### IV. Criminal Prosecution

Plaintiff also seeks the criminal prosecution of the person who allegedly erred in calculating his new release. There is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

### Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED** with prejudice for failing to state a claim for which relief may be granted, although Plaintiff may file a claim for monetary damages if and when the Heck

conditions are satisfied.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 25th day of October, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE